UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TYSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL PIETROFORTE, et al,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01169 – BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(Doc. No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.　　Screening Requirement and Standard**

Plaintiff Jeffrey Tyson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 28, 2014. (ECF No. 1.) Plaintiff's complaint, filed on July 28, 2014, is currently before the Court for screening. He consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

   **A. Overview of the Parties and Facts**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility at Corcoran, California. The events in the complaint are alleged to have occurred at Avenal State Prison. Plaintiff names the following defendants: (1) Michael Pietroforte, maintenance mechanic, (2) Sal Mijangos, plant operations supervisor, (3) Marc Valdez, correctional plant manager, (4) Correctional Officer S. Tamayo, (4) Licensed Vocational Nurse Tiffany Contreras, (5) Licensed Vocational Nurse Shalea Johnson, (6) Licensed Vocational Nurse Pacito Guintibano, (7) Associate Warden Mike Mayes, (8) Warden Carl Wofford, and (9) Secretary of CDCR Jeffrey Beard.

Plaintiff alleges that on May 15, 2013, plaintiff sustained a serious injury to his left eye, when Defendant Pietroforte left numerous sharp pieces of metal on Plaintiff's bed after performing maintenance work. Plaintiff alleges that as a result of the injury and denial of medical treatment, plaintiff suffered a painful bacterial infection, severe headaches, sore red eye, blurred and double

1  vision, dizziness, uncontrolled tears, leakage, adverse reaction to medications, insomnia, increased
2  anxiety, depression and permanent "virteous floaters."
3      Plaintiff alleges Defendant Beard is the Secretary of CDCR and is responsible for the direction
4  and guidance of written policies and procedures.  He is responsible for training and supervising
5  subordinate staff.  Plaintiff alleges Defendant Wofford is the warden and is the chief executive officer
6  and responsible for the custody, treatment, training, and discipline of all inmates.  Plaintiff alleges
7  Defendant Wofford failed to supervise personnel through written policies and procedures, failed to
8  implement policies and train essential staff.  Defendant Mayes, as the Associate Warden, is
9  responsible for developing and maintaining policies and procedures for operations.  Defendant Valdez,
10 is the Plant Operations Manager II for the Plant Operations Department, and is responsible for the day
11 to day operation of the Plant Operations Department, and responsible for training and supervising
12 Plant Operations personnel.  Defendant Mijangos is the Building and Trades supervisor for the Plant
13 Operations Department and is responsible for the direction, supervision, training and establishing
14 policies for the maintenance staff.  Defendant Pietroforte is a repair mechanic for the Plant Operations
15 Department and is responsible for performing maintenance throughout the institution and is
16 responsible to adhere to codes of safe practice, comply with safety and health standards, ensure work
17 areas are clean, and comply with policies and practices for safe performance of his duties.  Defendant
18 Tamayo is a Correctional Officer responsible for keeping inmates safe.  Defendants Contreras,
19 Johnson and Guintibano are Licensed Vocational Nurses responsible for delivery of medical care to
20 inmates and were directly or indirectly involved in denying medical treatment to Plaintiff.

21      **B.  Factual Allegations**

22      On May 15, 2013, Defendant Pietroforte made repairs to bunk six above Plaintiff's assigned
23 bed, bunk six lower, while Plaintiff was out of the cell.  The work Defendant Pietroforte performed
24 caused metal shavings to fall on Plaintiff's bedding and become embedded in Plaintiff's wool blanket.
25 Defendant Pietroforte failed to take safety precautions and comply with safety standards.  Defendant
26 Pietroforte was aware of the unsafe conditions that would expose Plaintiff to harm because Defendant
27 Pietroforte informed another inmate to tell Plaintiff to change is bedding and also informed Defendant
28 Tamayo to change Plaintiff's bedding.

1   Avenal State Prison failed to implement a policy for construction preparation of an inmate's
2   living quarters and failed to implement official step by step clean up procedures for staff before and
3   after work is performed.  Plaintiff alleges the "common practice" of informing inmates or correctional
4   officers of unsafe condition is an insufficient policy.  Staff had verified witnessing metal pieces on the
5   Plaintiff's bedding.
6   Plaintiff alleges that Defendants:
7   "Jeffrey Beard, Carl Wofford, Mike Mayes, Marc Valdez and Sal Mijangos, and each
    of them violated the Plaintiff's constitutional rights by failing to direct, failing to train
8   and supervise and for mainaing [sic] a practice or deficient policy that was deliberately
    indifferent to causing defendants to violate Plaintiffs [sic] protected rights."  (Doc. 1 p.
9   16 (ECF).)
10
11  Plaintiff also alleges the CDCR and the State of California are "also violating his constitution
12  right by failing to direct, train and supervise."
13  Plaintiff alleges that Defendant Tamayo was assigned as the housing unit correctional
14  floor officer at the time the repairs were completed.  Plaintiff alleges Defendant Tamayo "was
15  aware of the conditions but failed to respond reasonably" when Defendant Pietroforte informed
16  him about the unsafe condition and advised him to change Plaintiff's bedding.  Plaintiff alleges
17  that "[w]ith the level of knowledge of the condition the defendant knew, he had a duty to
18  ensure Plaintiff's safety."  Plaintiff alleges that Tamayo failed to allow Plaintiff a pass to
19  change his bedding for seven days.
20  Defendants Contreras, Johnson and Guintibano were assigned to the Facility "E" Medical
21  Clinic on May 15, 2013.  They were responsible for responding to urgent medical care.  On May 15,
22  2013, Housing Officer Vitale placed an emergency call to the Facility "E" Medical Clinic for medical
23  to respond.  Plaintiff alleges he was compelled to suffer while he sat buckled in severe-debilitating
24  pain while each of them refused to respond and denied Plaintiff treatment and that they participated by
25  denying him medical care and failed to intervene.  Plaintiff alleges on information and belief that
26  Defendant Contreras told Officer Vitale that metal in the eye is not a medical emergency and he needs
27  to put in a sick call slip.  Plaintiff alleges that Defendants Contreras, Johnson, and Guintibano knew
28

4

the nature of Plaintiff's serious injury and failed to summon immediate medical care for him and left him to suffer in pain.

Plaintiff alleges that Officer Vitale arranged for Plaintiff to be transported to Triage Treatment Area where another LVN examined Plaintiff, picked metal away from his facial area, flushed his eye and prescribed medication and a protective shield and ordered a follow up with a physician. The next day, Plaintiff was examined by a physician who noted a spot in the solera [sic] and foreign body in the eye. The physician ordered an urgent referral to an optometrist, medication and a protective shield. In subsequent medical appointments in May-July 2013, Plaintiff's eye was dilated, Plaintiff was given eye examinations, and Plaintiff was treated for blurred vision, eye pain and infection. He was prescribed Visine drops, an eye lubricant, other drops, and medication for eye pain. In August 2013, Plaintiff was examined by an ophthalmologist who dilated his eyes, examined the retina and diagnosed vitreous floaters and recommended monitoring the floaters. The ophthalmologist said that the floaters will not go away and prescribed eye drops. Plaintiff has been seen periodically since that injury by optometrist, CDCR medical staff, or an ophthalmologist for treatment and pain control.

Plaintiff seeks declaratory judgment against each defendant, compensatory damages of $150,000 and $350,000 in punitive damages for injuries to his eye against each defendant. Plaintiff complains that defendants did not implement the work place safety requirements mandated by Cal OSHA "Code of Safe practices" "Injury and Illness Prevention Program" until October 15, 2013.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is not short, but it fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's complaint lacks basic facts, including what each defendant did or knew. The allegations are mere recitals of elements of various claims without the necessary factual support. Plaintiff will be given leave to cure these deficiencies.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link each individual defendant to a constitutional violation. Throughout the complaint, Plaintiff lumps all Defendants together in his allegations by referring to them as "defendants." Plaintiff's complaint is filled with repetition and generalized statements. Plaintiff will be given leave to cure this deficiency. Although Plaintiff attaches exhibits to his complaint, the Court will not endeavor to guess which claims Plaintiff intends to pursue against which Defendants. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### C. Eleventh Amendment Immunity

To the extent Plaintiff seeks to name Avenal State Prison, the CDCR or the State of California as defendants, he may not do so. The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010)

(citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought.  E.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Thus, Plaintiff may not maintain a claim against Avenal State Prison, CDCR or the State of California.

### D. Supervisory Liability of Defendants under Section 1983

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009) ("the term 'supervisory liability' is a misnomer," since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Thus, a supervisor's participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Starr v. Baca, 652 F.3d at 1205–06. Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiff does not allege any factual support for direct participation in the violations by Defendants Beard, Mayes, Wofford, Valdez, and Mijangos.  Rather, Plaintiff alleges formulaic recitations that are insufficient to amount to facially plausible allegations.  Plaintiff alleges "each of the defendants individually and collectively deprived plaintiff of his basic human need by exposing him to dangerous, unsafe living condition, with prison overcrowding contributing to these conditions."

"[S]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted.)  To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d at 1076 ("§1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.)

Plaintiff alleges a violation of his rights for failing to have departmental policies and practices for construction in an inmate's living quarters or for clean-up of an inmate's living quarters.  (Doc. 1, p. 17 and 31.)  Plaintiff complains that Defendants did not implement the work place safety requirements mandated by Cal OSHA "Code of Safe practices" "Injury and Illness Prevention Program" until October 15, 2013.  Plaintiff alleges that such policies were implemented after Plaintiff's injuries. (Doc. 1 p. 32.)  The Ninth Circuit has found that "lack of affirmative policies or procedures to guide employees can amount to deliberate indifference, even when the county has other general policies in place." Long v. County of Los Angeles, 442 F.3d 1178, 1189 (9th Cir. 2006).  The lack of policy must be the moving force behind that constitutional injury. Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).  For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Here, Plaintiff seeks to hold Beard, Mayes, Wofford, Valdez, and Mijangos liable for failing to implement policies.  Plaintiff alleges that the work place safety requirements mandated by Cal OSHA

8

"Code of Safe practices" "Injury and Illness Prevention Program" should have been implemented. Plaintiff fails to state a cognizable claim for failing to implement policies. Plaintiff must allege what this policy is and how the injury could have been avoided had it been implemented, and which defendants should be responsible for the policy.

Plaintiff also alleges a failure to train as a violation of his Constitutional rights. A supervisor's failure to train subordinates can give rise to individual liability under Section 1983 where the supervisor's failure amounts to deliberate indifference to the rights of persons with whom the employees are likely to come into contact. See Canell v. Lightner, 143 F.3d 1210, 1213–14 (9th Cir.1998) (to prevail on claim that supervisor violated plaintiff's constitutional rights by failing properly to train subordinate, plaintiff must show that failure amounted to deliberate indifference). For liability to attach in this circumstance, Plaintiff must show that the training of the subordinate was inadequate and that the inadequacy of the training was the result of a deliberate or conscious choice on the part of Defendants Wofford, Mayes, Beard, Valdez, and Mijangos. Id. at 1214. Also, the identified training deficiency must be causally connected to the ultimate injury. City of Canton v. Harris, 489 U.S. 378, 391, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). In other words, to impose liability, Plaintiff is required to show that the inadequate training actually caused the constitutional violation and that the violation would have been avoided had the employees been properly trained. Id. at 389–91; Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir.2001) (citations and internal quotations omitted).

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train,' though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.' " Id. (quoting Connick, 131 S.Ct. at 1360–61). In this "narrow range of circumstances," a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a "highly predictable consequence" of a failure to train because that failure to train is "so patently obvious." Connick, 131 S.Ct. at 1361.

Here, Plaintiff does not allege that Plaintiff's injuries are part of a pattern of constitutional violations but rather a single incident which could have been avoided if a specific policy had been adopted and personnel trained. "Connick requires a showing that defendant 'was on notice that,

9

absent additional specified training, it was 'highly predictable' that relevant employees would violate constitutional rights." Dillman, 2013 WL 1907379, at *17; Doe v. City of San Diego, – F.Supp.2d –, 2014 WL 3893045, at *11 (Mar. 27, 2014) (plaintiff generally cannot demonstrate supervisor's deliberate indifference by pointing to single incident).  Plaintiff will be given leave to cure this deficiency if in good faith he can do so.

### E.  Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff alleges that Defendants LVN Johnson and Guintibano "both participated in denying him medical care, failing to intervene" in medical care. Plaintiff alleges that Contreras, Johnson, and Guintibano knew of the seriousness of the risk to his health or safety by the very nature of the call by Officer Vitale and that they participated by denying him medical care.[1]  Plaintiff alleges on

---

[1] Plaintiffs states that "but for" the prison overcrowding on E facility and "but for" overworked nurses being too tired to care, it is reasonably probable that prison overcrowding contributed to his injury and resulting deprivation of medical care.  (Doc. 1 p. 30 (ECF).)  The "but for" standard is method of showing causation in a negligence claim and is not a Constitutional standard under the Eighth Amendment. See Reeves v. Safeway Stores, Inc., 121 Cal.App.4th 95, 108 (2004)

information and belief that Defendant Contreras told Officer Vitale that metal in the eye is not a medical emergency and he needs to put in a sick call slip. Plaintiff has stated a cognizable claim against Defendant Contreras.

Plaintiff's allegations, however, are conclusory as to Defendants Johnson and Guintibano as he has failed to allege what each Defendant said or did. Specifically, Plaintiff fails to allege facts as to the injury when he presented to the LVNs and what each defendant did. While the Court can infer that metal in the eye is unusual, Plaintiff must state sufficient facts to inform the Court how these defendants would know that serious medical care was necessary, yet were deliberately indifferent. Further, Plaintiff lumps Defendants Johnson, Guintibano and Contreras together in his allegations by referring to defendants as "they." If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### F. Deliberate Indifference to Unsafe Prison Conditions

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). As stated above, the deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety...." Id. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835.

Here, the Court finds that Plaintiff fails to state a conditions and confinement claim, in violation of the Eighth Amendment, regarding his allegations of metal shavings on the bed. Plaintiff alleges that Defendant Tamayo acted deliberately indifferent in failing to inform Plaintiff of Defendant Pietroforte's statement about changing the bedding. Plaintiff alleges Defendant Tamayo "was aware

of the condition but failed to respond reasonably" when Defendant Pietroforte informed him about the unsafe condition and advised him to change Plaintiff's bedding. However, failing to act reasonably is not deliberate indifference. Plaintiff alleges that "[w]ith the level of knowledge of the condition the defendant knew, he had a duty to ensure Plaintiff's safety." This allegation is conclusory because Plaintiff failed to allege what Tamayo knew, or facts plausibly suggesting what Tamayo knew. While Plaintiff refers to exhibits, the Court will not review voluminous exhibits to determine whether Plaintiff may state a factual basis for his claim.

Plaintiff alleges that Defendant Pietroforte failed to use the protective covering for the bed and left metal shavings on Plaintiff's bed. "[P]rison officials who actually know of a substantial risk to inmate health or safety may be found free from liability if they respond reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844–45 ("whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause"). "Not every injury that a prisoner sustains while in prison represents a constitutional violation." Morgan v Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Negligently ignoring a safety hazard falls short of the "deliberate indifference" required to establish a constitutional violation, unless the defendant's conduct exacerbated an existing danger in some manner. See, e.g., Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); Osolinski v. Kane, 92 F.3d 934 (9th Cir.1996) (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned his arms); Jackson v. State of Arizona, 885 F.2d 639, 641 (9th Cir.1989) (slippery floors, by themselves, do not amount to cruel and unusual punishment).

Plaintiff alleges only a negligence claim against Defendant Pietroforte. Plaintiff does not allege that Defendant Pietroforte was deliberately indifferent since Defendant Pietroforte did not disregard the risk because he informed two people of the need to change bedding. At most, Plaintiff has stated a negligence claim and not a deliberate indifference claim.

### G.  Fourteenth Amendment - Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); City of Cleburne v.

Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert denied, 525 U.S. 1154 (1999), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005) (a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Plaintiff fails to state a cognizable claim for violation of the Equal Protection.   (Doc. 1, Second Cause of Action.)  Plaintiff does not allege a factual basis that he is a member of a protected group who was treated differently.  Plaintiff does not allege the factual basis for being treated differently without a rational relationship to a legitimate state purpose. Here, Plaintiff's conclusory allegations of "being treated differently" are insufficient to state a plausible equal protection claim.

### H. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### I. State Law Claims

Plaintiff asserts several state law claims.[2] The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff has alleged one federal cognizable claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir.2001). To provide Plaintiff guidance, the Court provides the following regarding Plaintiff's state law claims.

### 1. Negligence

Plaintiff states that he intends to assert a negligence claim, although his complaint does not allege a separate negligence claim.

Under California law, a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). The elements of negligence under California law are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." Corales v. Bennett, 567 F.3d 554, 572 (9th Cir.2009) (quoting McGarry v. Sax, 70 Cal.Rptr.3d 519 (2008)).

### 2. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of

---

[2] Plaintiff alleges he has exhausted administrative remedies under the California Governmental Tort Claims Act.

the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376, 117 Cal.Rptr.3d 747 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946, 160 Cal.Rptr. 141, 603 P.2d 58 (1979)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir.2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir.1999)). The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Id.

### 3. Failure to Warn

Failure to warn is a subset of negligence. In California, as a general rule, one owes no duty to control the conduct of another, or to warn those endangered by such conduct. Davidson v. City of Westminster, 32 Cal.3d 197, 203 (1982); Beauchene v. Synanon Foundation, Inc., 88 Cal.App.3d 342, 347 (1979). Exceptions to this rule have been recognized where a special relationship exists between the defendant and either the person whose conduct needs to be controlled or the foreseeable victim of the third party's conduct. Rice v. Ctr. Point, Inc., 154 Cal.App. 4th 949, 955 (2007).  A duty exists where a plaintiff is in special relationship with the defendants because of the plaintiff's dependence upon the defendants for protection.

### IV. Conclusion and Order

The Court finds that Plaintiff has stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendant Contreras.  However, Plaintiff has failed to state any other cognizable claims.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim.  The remaining

defendants and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff chooses to file a first amended complaint, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on the cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendant Contreras;  and
3. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order**.

IT IS SO ORDERED.

Dated:  **May 6, 2015**           /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE